## OAKES *v.* DE LANCEY.

*(Superior Court of New York City, General Term.   July 2, 1891.)*

DEED—DESCRIPTION—HIGH AND LOW WATER MARK.

A deed to premises bounded on one side by Long Island sound, which described one of the boundary lines as running north to a point on the sound, and "thence running along said shore and sound as the same bend and turn easterly, and thence southerly," to another intersecting boundary line, conveys the space on the shore of the sound between high and low water mark, and the purchaser who bought by the acre is not entitled to have the purchase price per acre of the premises abated to the extent of that space, as for a deficiency in the acreage.  Affirming 14 N. Y. Supp. 294.

Appeal from jury term.

Action by Thomas F. Oakes against Edward F. de Lancey to recover an amount alleged by plaintiff to have been overpaid by him to defendant on the purchase of a tract of land.  The land was purchased as containing 22.57 acres at the price of $3,125 per acre.  Plaintiff alleged that it contained only 18.734, by reason of the fact that a portion of the premises were covered by the waters of Long Island sound.  Plaintiff and defendant agreed that plaintiff should pay the whole purchase money, execute a warranty deed for the premises, describing the same according to defendant's contention, and that plaintiff should institute the suit to recover as for a deficiency in the amount of land contracted to be purchased.  The deed so made described the boundary on the water front as follows: "Thence running along said division line north, 42 degrees and 47 minutes east, about 865 feet, to a point on the shore of Long Island sound; thence running along said shore and sound as the same bend and turn easterly; and thence southerly to their intersection with the center line of De Lancey avenue, aforesaid."  From a judgment for defendant, plaintiff appeals.

Argued before FREEDMAN, P. J., and DUGRO and GILDERSLEEVE, JJ.

*Holmes & Adams,* for appellant.   *Martin J. Keogh,* for respondent.

DUGRO, J.  The complaint reads: "The defendant, being owner of real property hereinafter described, * * * made sale thereof at public auction. * * * At such sale the plaintiff purchased the said premises for the sum," etc., "of $3,125 per acre."  No property is described in the complaint.  If it be assumed that the property described in Exhibit 1, which is attached to the complaint, is that which the complaint states will be thereinafter described, it is "property at De Lancey's Neck, in the town of Mamaroneck, Westchester county, N. Y., known as 'Vergemere,' of about 22 57/100 acres."  This assumption will, for present purposes, be made.  The agreement which forms the basis of this action, and which is set forth in the complaint, provides that the plaintiff should recover the excess of the money paid over that which should have been paid for the actual contents in acres of the said premises at the rate of $3,125 per acre.  Therefore, in order to be entitled to succeed in his action, the plaintiff must have shown that the actual contents of the property at De Lancey's Neck, etc., "known as 'Vergemere,' of about 22 57/100 acres," was less than the stated number of acres.  Of what this property consisted does not appear, except as it is to be gathered from the plaintiff's testimony that he "received a deed for certain premises known as 'Vergemere,' in Mamaroneck," etc.  The premises described in the deed must, therefore, be taken as the premises which the plaintiff purchased; and whether these premises consist of less than 22.57 acres is thus the pivotal point in the case.  No question of title is raised, nor is any question as to the character of the sale presented.  The question is, how many acres does the deed convey?  For the reasons assigned by the learned judge at special term we believe that the descriptive clause in the deed covered the premises

to low-water mark. *Storer* v. *Freeman*, 6 Mass. 435, does not seem to sustain the plaintiff's way of reasoning. The judgment is affirmed, with costs. All concur.